**Simuel PARKER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. LR 63 C 35.**

United States District Court
E. D. Arkansas, W. D.
Nov. 27, 1963.

---

4. Lindbar, Incorporated v. St. Louis Fuel & Supply Co., 6 Cir., 276 F.2d 882.

5. The Liberator, 4 Cir., 5 F.2d 585.

John E. Coates, Little Rock, Ark., for plaintiff.

Charles Mott, Jr., Asst. U. S. Atty., for defendant.

YOUNG, District Judge.

Plaintiff brought this action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to secure a judicial review of a final administrative determination that the plaintiff is not entitled to a "period of disability" or to the "disability benefits" provided by the Act.

The original claim was filed by the plaintiff on October 6, 1960. The Bureau of Old-Age and Survivor Insurance determined that the plaintiff's impairments were not of sufficient severity as to preclude him from engaging in any substantial gainful activity from September 17, 1960, and during the life of his application filed October 6, 1960, or at any time prior to the expiration of the earnings requirements, whichever first occurred. Accordingly, the plaintiff then requested a hearing before the Hearing Examiner of the Bureau of Hearings and Appeals of the Social Security Administration, contending that he was unable to engage in any substantial gainful activity beginning September 17, 1960 and continuing thereafter. The Hearing Examiner found that the plaintiff had failed to establish that " * * * he has impairments, either singularly or in the combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of October 6, 1960, was effective." The Hearing Examiner, therefore, held that the plaintiff was not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended. The plaintiff's request for review of the Hearing Examiner's decision was denied by the Appeals Council.

Plaintiff has exhausted his administrative remedies and this court has jurisdiction pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). The case is now before the court on cross motions for summary judgment. Briefs have been received from both sides in support of their respective contentions and have been considered by this court.

The pertinent facts in this case are not in dispute. The plaintiff was born on May 14, 1906. He completed the seventh grade at school and has had no vocational training or special courses. His first work was on a construction job pouring forms and digging ditches. Thereafter, he drove a team and did some truck

driving. He did some cleaning work at a store until 1924, when he was affected by polio. He was not hospitalized, however. Plaintiff's next job was driving an automobile for a salesman. Other work that he did included cleaning up, yard work, working as a railroad laborer and on the farm. He has driven small trucks and automobiles and worked as a fireman. He was employed in a greenhouse moving plants, transplanting and hauling to market. In a lumber yard he made pallets and crates using a hammer and nails. His last employment was with a retail store as a day porter, cleaning floors, picking up packages, etc. He testified that he became unable to work in September of 1960, and he described his impairment as polio in 1924 and now arthritis in his back and right side.

■■ The only issue before the court upon the record is whether there is substantial evidence in the record to support the decision below that the plaintiff failed to establish that he was entitled to the social security benefits alleged. The burden of proof is upon the plaintiff and the Hearing Examiner's findings of fact are conclusive, if supported by substantial evidence. Park v. Celebrezze, 214 F.Supp. 153, 158 (W.D.Ark.1963); Lewis v. Flemming, 176 F.Supp. 872 (E.D. Ark.1959). Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, i. e., affording a substantial basis of fact from which the fact in issue can be reasonably inferred. Park v. Celebrezze, supra, 214 F.Supp. at 159.

At the hearing before the Hearing Examiner, plaintiff stated that about August of 1924 he had polio on the right side and went to the Isaac Folsom Clinic in Little Rock for six to eight months. He had no use of his leg or arm. In the next year, Dr. Mozzell gave him a course of electric treatments and the plaintiff got around on crutches and tried to put weight on his leg. In 1959, the plaintiff had a thirty day chiropractic treatment from Dr. Price, who worked on plaintiff's back. Dr. Bond gave plaintiff medicines and applied plasters across the lower part of his back to keep the misery down. Plaintiff stated that pains affected his leg, back and stomach. He tried to rub it with a medicinal ointment and also used aspirin to ease the pain. In October 1960, he went twice to the Orthopedic Clinic at the University Hospital. He had no medical treatment since that time. At the clinic, braces were discussed but the doctors differed. One advised a leg brace, and the other said that the trouble was with his back and a leg brace would not help. They stated they were trying to bring his one leg even with the other and that raising the heel of the shoe would do as much good as a brace. Plaintiff tried this but it did not help. He stated that he used crutches all of the time. He does not wear any kind of a brace. He drives as little as possible, tries to exercise but gets tired in a few minutes when he walks. He does no work around the house.

The medical evidence presented at the hearing consisted of medical examinations made by five doctors. Dr. Price summarized his opinion with the statement that the patient was getting progressively worse. Dr. Bond, in his examination of January 4, 1961, stated that plaintiff's condition is static and no optimum improvement could be expected. In a later examination on June 14, 1961, Dr. Bond concluded that plaintiff was "disabled to work or walk." Dr. Steele advised that the plaintiff should continue using crutches and be placed on the Williams program. In an examination of April 11, 1961, Dr. Hundley found an intentional type of limp and was of the opinion that there was no contra-indication for the plaintiff to continue work of any nature. Dr. Hundley concluded that the plaintiff was not in need of the crutches to support the partial paralysis of the right leg. After an examination on October 27, 1961, Dr. Logue submitted his opinion that the plaintiff should be fitted with a brace and this would possibly reduce the back pain sufficiently to enable the plaintiff to again become productive.

In analyzing the medical examinations made by the five doctors, the Hearing Examiner in his opinion stated as follows:

"The record discloses that the claimant has a shortened and atrophied right leg as a residual from polio in 1924 yet despite this handicap he has been able to earn a livelihood. The claimant further alleges that arthritis has recently resulted in limitations on his back and right side. There is corroboration in the report of Dr. Logue. The reports of Dr. Bond refer to arthritis but show no x-rays and do not indicate limitations on mobility or range of motion. The April 1961 report of Dr. Hundley, however, specifies that claimant does not need crutches. The report of Dr. Logue notes that the claimant walks with a limp but states that the use of a brace would allow him to ambulate with more certainty and facility. Moreover, by the use of a brace the back will improve by reducing the strain on it and there will be a substantial reduction in pain. Dr. Hundley considers claimant's present condition does not contraindicate the continuance of work of any nature. However, even the more restrictive report of Dr. Logue reflects the likelihood that a brace will enable the claimant to be productive * * *."

The Hearing Examiner's denial of the plaintiff's claim was based on the aforegoing analysis of the medical evidence in light of the following Social Security Regulation:

"An individual will be deemed not under a disability if, with reasonable effort and safety to himself the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity."

The Hearing Examiner concluded that while the plaintiff's condition may preclude him from engaging in work involving heavy lifting or prolonged standing, it did not appear from the evidence that the plaintiff's ability to get about and to use his hands and arms is restricted to such an extent as to prevent him from engaging in various kinds of light manual work.

█ In the case at bar, there is substantial evidence to support the findings of fact made by the Hearing Examiner. The medical examinations made by Dr. Hundley and the examination made by Dr. Logue establish that with reasonable effort and safety the plaintiff's impairment can be diminished to the extent of enabling him to engage in some substantial gainful activity. It appears from a careful reading of the examinations made by Dr. Brice and Dr. Steele that neither of the reports indicate that the plaintiff is disabled to work within the meaning of the social security regulations. Rather, these two reports corroborate the findings made by Dr. Huntley and Dr. Logue with respect to plaintiff's impairments. Only Dr. Bond stated that in his opinion the plaintiff was "disabled to work or walk." As Judge Miller has observed in Park v. Celebrezze, supra, 214 F.Supp. at 162:

"* * * the findings of the hearing examiner are not supported by substantial evidence when he relies on isolated remarks in one or two of the medical reports before him." (citation omitted)

Conversely, the plaintiff cannot now successfully argue that the Hearing Examiner's decision is not supported by substantial evidence when the record, considered in its entirety, more than adequately supports this decision notwithstanding the isolated remark made by Dr. Bond in his report of June 14, 1961.

The motion for summary judgment made by the plaintiff is denied and the motion for summary judgment made by the defendant is granted.